IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS, | ) ) ) | FILED: AUGUST 25, 2008<br>08CV4848<br>JUDGE MORAN<br>MAGISTRATE JUDGE VALDEZ |
| Plaintiff, | ) ) | |
| vs. | ) ) | AO<br> CIVIL ACTION |
| ROBERT A. HEGGELAND DESIGNS, LTD.<br> an Illinois Corporation, | ) ) ) ) | |
| Defendant. | ) ) | |

## COMPLAINT

Plaintiff, the CHICAGO REGIONAL COUNCIL OF CARPENTERS (the "Union"),

by its attorney, Leonard Saphire-Bernstein of Whitfield, McGann & Ketterman,

complains of the Defendant, ROBERT A. HEGGELAND DESIGNS, LTD.

("Heggeland" or the "Company"), and alleges as follows:

1.      This is an action by the plaintiff Union to enforce an arbitration award

issued pursuant to an Agreement between the parties on or about December 7,

1992.

2.      This Court has jurisdiction under Section 301 of the Labor-

Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. Sec. 185,

and under the Federal Arbitration Act, 9 U.S.C. Secs. 1-11.

3.        Venue is proper in this Court under 29 U.S.C. Sec. 185(a) and 28 U.S.C. 1391(b).

4.        The Plaintiff Union is a labor organization composed within the meaning of the LMRA. The Union maintains its offices in Chicago, Illinois. The Defendant Heggeland employs members of the Union and is a signatory to the Commercial Area Agreement ("CAA") for Cook, Lake, and DuPage Counties of Illinois. A copy of relevant sections of the CAA is attached hereto as "Exhibit 1." Heggeland is located in Naperville, Illinois, which is in DuPage County, Illinois.

5.        Article 20.13 of the CAA provides that:

> Before Employer commences work on any job, he must first give the UNION reasonable advance notice of that fact, unless the Steward is on the job. The notice can be given by mail or telephone and must include the location of the work.

Exhibit 1, at 29.

6.        On June 26, 2007, after receiving information from business representatives of the Union to the effect that Heggeland was not reporting its work sites pursuant to the CCA, Peter DiRaffaele,  wrote a letter dated June 26, 2007, attached hereto as "Exhibit 2." See Report of Proceedings at the arbitration hearing between Plaintiff and Defendant on March 12, 2007 (hereinafter, "ROP"), attached hereto as Exhibit 3, p. 7. The letter, *inter alia,* requests that Heggeland comply with the CCA by providing the name and location of each project, the general contractor, the architect (if known), the type of work being performed, and the scheduled dates for the performance of the work. See Exhibit 2.

7.      Receiving no response to the letter, and no information as requested from Heggeland, Mr. DiRaffaele wrote a second letter to the same effect, dated July 28, 2007. See Exhibit 3, ROP p. 8, and Exhibit 4.

8.      No response or information was forthcoming from Heggeland after the July 28, 2007 letter. ROP, Exhibit 3, at 9.

9.      Pursuant to the terms of the agreement between the parties (ROP, Exhibit 3, at 9), on November 16, 2007 the Union filed for arbitration, with contract notice provided to Heggeland. *Id.* at 9, 10; see Exhibit 5 attached hereto.

10.     The arbitrator further sent notification of the arbitration request to Heggeland at its address of record. ROP, Exhibit 3, at 11.

11.     An arbitration hearing was held pursuant to notice on March 12, 2008. See Exhibit 3 attached hereto.

12.     After the arbitration hearing, on April 16, 2008 the arbitrator entered an Opinion and Award in favor of the Plaintiff and against the Defendant. See Exhibit 6 attached hereto. In the Opinion and Award, the arbitrator concluded as follows:

> Robert A. Heggeland Designs is directed to obey all the provisions of the Area Agreement including Article 20.13. It must provide all information regarding work projects, type of work performed and estimated duration of the work. Failure to do so will result in a $100 per calendar day fine for each day it fails to provide information regarding work projects pursuant to Article 20.13, as soon as it is aware of should b aware of the existence of such projects.

> Moreover, pursuant to Article 18.7 of the Area Agreement the arbitrator awards attorney's fees in the amount of $5,420.75 to the Union's attorney's as the prevailing party.

Heggeland is also directed to pay both its and the Union's share of the arbitrator's fees and expenses in the amount of $2,742.94.

Exhibit 6, at 3.

13.      The Union has complied with its obligations under the CCA, Exhibit 1

hereto.

14.      The Opinion and Award was served on Heggeland by mail on May 23,

2008. See Exhibit 7.

WHEREFORE, plaintiff prays for an order: 1) directing the defendant to comply with the provisions of Article 20.13 of the CCA, as specified in the Arbitrator's Opinion and Award; and 2) awarding monetary damages in the amount of $8,163.69, as specified in the Opinion and Award, plus plaintiff's costs, fees, and attorneys' fees incurred in bringing this action; 3) awarding an additional monetary award of $100 per day from the date of May 23, 2008 to the date of the Order, pursuant to the Arbitrator's Award in that amount; and 4) imposing on the defendant the obligation to pay the plaintiff $100 per day for each and every day in which defendant fails or refuses to notify plaintiff of its work sites and related information, as specified by the Agreement (Exhibit 1), and as awarded by the arbitrator in this matter.

Respectfully submitted,


s/ Leonard Saphire-Bernstein

Leonard Saphire-Bernstein
Attorney for the Plaintiff

Whitfield, McGann & Ketterman
111 E. Wacker Dr.
Suite 2600
Chicago, IL 60601
312.251.9700

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE CHICAGO REGIONAL COUNCIL OF CARPENTERS, | ) ) ) | 08CV4848<br>JUDGE MORAN<br>MAGISTRATE JUDGE VALDEZ |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | CIVIL ACTION |
| ROBERT A. HEGGELAND DESIGNS, LTD.<br>  an Illinois Corporation, | ) ) ) | |
| Defendant. | ) ) ) | |

## EXHIBITS TO COMPLAINT

Exhibit No.          Exhibit

1. Commercial Area Agreement (excerpts)
2. June 26, 2007 letter
3. Report of Proceedings (Arbitration)
4. July 28, 2007 letter
5. Notice of Arbitration (Demand for Arbitration)
6. Arbitrator's Opinion & Award
7. Notice of Award

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TRUSTEES OF THE CHICAGO REGIONAL          )
COUNCIL OF CARPENTERS,                     )
                                           )
Plaintiffs,                                )
                                           )
vs.                                        )
                                           )          CIVIL ACTION
                                           )
ROBERT A. HEGGELAND DESIGNS, LTD.          )
 an Illinois Corporation,                  )
                                           )
                                           )
Defendant.                                 )

# EXHIBIT 1

# CHICAGO REGIONAL COUNCIL OF CARPENTERS
## UNITED BROTHERHOOD OF CARPENTERS
## AND JOINERS OF AMERICA

# COMMERCIAL AREA AGREEMENT
## COOK, LAKE AND DUPAGE COUNTIES,
## IN ILLINOIS

### 2005 - 2008
### CONSTRUCTION DIVISION

Offices:

12 East Erie Street

Chicago, IL 60611

Telephone: (312) 787-3076

EXHIBIT

/

## ARTICLE XVIII
### SETTLEMENT OF DISPUTES

18.1    Except as provided in Sections 12, 13, 14, 15, 27, 28, 34, 35, 36 and 37, any dispute concerning the proper interpretation and application of this Agreement shall be handled in the first instance by a meeting between a representative of the UNION and the EMPLOYER within seven (7) days after the dispute has been initiated. In the event the dispute involves an issue concerning wages or other issues wherein the UNION must have information or documents in order to proceed, the EMPLOYER must provide such requested information within three (3) days of a written request. Failure of the EMPLOYER to timely provide such information shall be deemed an admission of the UNION or Employee's claim. This limitation period will only be extended by mutual agreement between the UNION and the EMPLOYER. Disputes must be raised within thirty (30) days of the date the Employee or the EMPLOYER become aware of the event, giving rise to the dispute. However, the UNION may file a grievance under this provision for a violation of the collective bargaining  agreement within thirty (30) days of a representative of the UNION first being made aware of the alleged violation. A representative of the UNION is defined as any elected Regional Council officer or any appointed Business Representative.

18.2    In the event that the dispute is not resolved within seven (7) calendar days after the parties' first meeting, the matter shall be referred to the Permanent Arbitration Board ("PAB") in writing by the grieving party within seven (7) calendar days after the expiration of the seven (7) calendar day period. This limitation period will only be extended by mutual written agreement between the UNION and the EMPLOYER.

18.3    The arbitration hearing shall begin not later than fourteen (14) days after the date of referral to arbitration. Upon completion of the arbitration hearing, the parties may elect to submit written briefs to the Arbitrator no later than seven (7) calendar days after the close of the arbitration hearing. The Arbitrator shall issue a written decision and findings fourteen (14) calendar days after the completion of the arbitration hearing unless the Arbitrator requests written briefs from the parties, in which the time for the Arbitrator's decision shall be twenty-one (21) calendar days after the completion of the hearing. This limitation period may only be extended by mutual written agreement of the UNION and  EMPLOYER.

18.4    The PAB shall consist of the following five Arbitrators mutually agreed upon between the UNION and the EMPLOYER Association:

Steven Briggs
Neil Gunderman
Lisa Salkovitz-Kohn
Robert McAllister
Donald Peterson

In the event that any designated Arbitrator shall be unable or unwilling to act on the PAB, the UNION and EMPLOYER Association shall mutually agree and designate a substitute. The grievance shall be sent to the Arbitrators in rotation, each grievance being submitted to the next arbitrator on the list following the one to whom the most recently submitted grievance has been sent. Upon submission of the grievance, the Arbitrator shall be requested to advise both parties promptly as to his earliest available hearing date or dates. If an Arbitrator to whom a submission has been made shall be unable to offer a hearing date earlier than fourteen (14) calendar days from the date of delivery of the letter of submittal of a grievance, then unless the parties agree otherwise, such grievance shall be sent to the next arbitrator in the rotational sequence. If no Arbitrator on the list is able to meet the fourteen (14) calendar day deadline, then unless the parties agree otherwise, submission shall be submitted to the listed Arbitrator with the earliest available hearing date. The expense of the Arbitrator shall be shared by the parties in equal proportions. The decision of the Arbitrator shall be final and binding upon both parties. The Arbitrator shall have no authority to add to, subtract from or modify, any provision of this Agreement. There shall be no strikes, slow downs or withdrawal of men by the UNION while the dispute is being processed through this procedure.

18.5    The parties shall mutually exchange all documentation that is relevant to the dispute and requested prior to the arbitration hearing.

18.6    In the event that a party refuses to arbitrate or fails to comply with the decision of the Arbitrator, the other party has the right to avail itself of any lawful means necessary to compel compliance, including but not limited to, judicial intervention, work stoppage by withdrawing bargaining unit Employees from the EMPLOYER who violates this article, and strike activities.

18.7    In any arbitration hearing brought pursuant to this Article, the Arbitrator shall have the authority to award the prevailing party its reasonable attorney fees and costs incurred in the action.

18.8    The administration of the PAB, including the selection of the Arbitrators shall be by mutual agreement of the UNION and MARBA. The administrative procedures will be determined by mutual agreement of the UNION and MARBA and set forth in a separate document.

## ARTICLE XIX
## USE OF MACHINERY, TOOLS AND FACTORY MADE PRODUCTS

19.1    There shall be no restrictions on the use of machinery or tools, or use of factory made products.

19.2    Nothing in this Article shall be construed to assign the installation or assembly of factory made products to a person or persons outside the Bargaining Unit.

## ARTICLE XX
## MISCELLANEOUS PROVISIONS

20.1    EMPLOYER shall give notice to the UNION and the appropriate Fund Office in writing no later than ten (10) days after the occurrence of any of the events relating to the EMPLOYER, occurring after the date hereof:

(1)    Formation of partnerships;

(2)    Termination of business;

(3)    Changes of name commonly used in business operation;

(4)    Change in form of business organization;

(5)    Incorporation of business;

(6)    Dissolution of corporation;

(7)    Name and business organization of successor;

(8)    Admission to or withdrawal from any association operating as a multi-employer bargaining agent.

(9)    Name and identity of any parent company, subsidiary company or division.

20.2    The EMPLOYER shall maintain an office and a telephone where he can be contacted during the usual working hours.

20.3    Whenever the EMPLOYER party to this Agreement is a partnership, it is agreed as follows:

20.9    Employees covered by this Agreement shall not perform work on a piece-work basis.

20.10   The EMPLOYER agrees that he will not sublet any work to any Employee or Employees.

20.11   This Agreement shall not be transferable by any EMPLOYER either by action of such EMPLOYER or by operation of law. In the event any EMPLOYER, whether an individual, partnership, or corporation covered by this Agreement, merges, consolidates or transfers a controlling interest in his, their, or its business, this contract may be canceled as to such EMPLOYER by the UNION.

20.12   The breach by an EMPLOYER of any of the provisions of this Agreement may, by written notice, be declared by the UNION to be a breach of the entire Agreement.

20.13   Before EMPLOYER commences work on any job, he must first give the UNION reasonable advance notice of that fact, unless the Steward is on the job. The notice can be given by mail or telephone and must include the location of the work.

20.14   Notwithstanding any other provision of this Agreement, the EMPLOYER shall have the right to take such action as shall be necessary to comply with Federal or State legislation lawful regulations or requirements set forth in proposal documents by Federal or State users or requirers of construction services, with respect to providing equal employment opportunity.

20.15   When EMPLOYER is engaged in work within the geographical jurisdiction of the Regional Council, not less than sixty-six percent (66%) of the Carpenters employed by such EMPLOYER shall be from among the members of the bargaining unit who are represented by Local Unions within such geographic jurisdiction or counties bordering such geographic jurisdiction.

The EMPLOYER may at its sole option request that the UNION refer applicants to fulfill the EMPLOYER'S obligation in Article 20.15. If the UNION is unable to refer such applicants as required by the EMPLOYER within forty-eight (48) hours, then the EMPLOYER may hire Carpenters without respect to geographic jurisdiction or geographic area. All Carpenters employed under this paragraph shall be classified as permanent Employees, subject to the provisions of Articles 2.1, 2.2, 2.3 and 2.4.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE CHICAGO REGIONAL COUNCIL OF CARPENTERS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | CIVIL ACTION |
| | ) | |
| ROBERT A. HEGGELAND DESIGNS, LTD. an Illinois Corporation, | ) ) ) | |
| | ) ) | |
| Defendant. | ) | |

# EXHIBIT  2

UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA

# CHICAGO REGIONAL COUNCIL OF CARPENTERS

County
Jurisdiction

Illinois
Boone
Bureau
Carroll
Cook
DeKalb
DuPage
Grundy
Henderson
Henry
Iroquois
Jo Daviess
Kane
Kankakee
Kendall
La Salle
Lake
Lee
Marshall
McHenry
Mercer
Ogle
Putnam
Rock Island
Stark
Stephenson
Whiteside
Will
Winnebago

Wisconsin
Kenosha
Milwaukee
Ozaukee
Racine
Washington
Waukesha

Iowa
Adair
Allamakee
Appanoose
Benton
Black Hawk
Bremer
Buchanan
Butler
Cedar
Cerro Gordo
Chickasaw
Clayton
Clinton
Davis
Delaware
Des Moines
Dubuque
Fayette
Floyd
Franklin
Grundy
Hancock
Henry
Howard
Iowa
Jackson
Jefferson
Johnson
Jones
Keokuk
Kossuth
Lee
Linn
Louisa
Mahaska
Mitchell
Monroe
Muscatine
Scott
Tama
Van Buren
Wapello
Washington
Wayne
Winnebago
Winneshiek
Worth
Wright

June 26, 2007

Robert A. Heggeland Designs Limited
PO Box 1192
Wheaton, IL 60189

Dear Sir or Madam:

The Chicago Regional Council of Carpenters, pursuant to article 20.13 of your current Collective Bargaining Agreement account #20119 states the following:

"Before EMPLOYER commences work on any job, he must first give the UNION reasonable advance notice of that fact, unless the Steward is on the job. The notice can be given by mail or telephone and must include the location of the work."

We are requesting that you comply by providing the following information:

- Name of Projects and Locations
- General Contractor
- Architect (if known)
- Type of work being preformed along with dates you will be performing this work on your current and future job sites.

Please submit this information within 3 working days to Peter DiRaffaele, Chicago Regional Council Business Representative, at 12 East Erie, Chicago, IL 60611.

Respectfully,

*Peter DiRaffaele*

Peter DiRaffaele
Regional Council
Business Representative

cc: Rich Albrecht-Local Union #1027



EXHIBIT
2

12 East Erie Street, Chicago, Illinois 60611-2796
Phone: 312-787-3076 • Fax: 312-951-1540 • www.carpentersunion.org
Martin C. Umlauf, President/Executive Secretary-Treasurer • Jeffrey Isaacson, First Vice President

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE CHICAGO REGIONAL COUNCIL OF CARPENTERS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | CIVIL ACTION |
| ROBERT A. HEGGELAND DESIGNS, LTD. an Illinois Corporation, | ) ) ) ) ) | |
| Defendant. | ) | |

# EXHIBIT 3

1

2

3    IN RE ARBITRATION BETWEEN:        )
                                        )
4    ROBERT A. HEGGELAND,              )
                                        )
5          and                         )
                                        )
6    CHICAGO REGIONAL COUNCIL OF       )
     CARPENTERS,                       )
7

8

9

10

11          REPORT OF PROCEEDINGS had at the

12    arbitration of the above-entitled cause before

13    DONALD J. PETERSEN, Arbitrator, commencing on the

14    12th day of March, A.D., 2008, at the hour of

15    10:00 o'clock A.M.

16

17

18

19

20

21

22

23

24

1      A P P E A R A N C E S:

2

3      MR. LEONARD D. SAPHIRE-BERNSTEIN
       (Whitfield, McGann & Ketterman
4       111 East Wacker Drive, Suite 2600
        Chicago, Illinois 60601
5       312/251-9700)
            appeared on behalf of the Chicago Regional
6           Council of Carpenters.

7

8                    *      *      *      *      *

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

1                          I N D E X

2

   WITNESS:
3
   PETER A. DiRAFFAELE
4
        Direct Examination by Mr. Saphire-Bernstein    5
5

6
   EXHIBITS:
7

8           Exhibit No. 1                    8
            Exhibit No. 2                    7
9           Exhibit No. 3                    8
            Exhibit No. 4                    9
10          Exhibit No. 5                    10
            Exhibit No. 6                    8
11
            *        *        *        *        *        *
12

13

14

15

16

17

18

19

20

21

22

23

24

```
 1                   (10:00 a.m.)
 2            ARBITRATOR PETERSEN:  Union Exhibit 1 is
 3    a copy of the Commercial Area Agreement.  Union
 4    Exhibit 2 is a letter dated June 26, 2007,
 5    directed to Mr. Heggeland from Mr. DiRaffaele.
 6    Union Exhibit 3 is a letter dated July 28, 2007,
 7    directed to Mr. Heggeland from Mr. DiRaffaele.
 8    Union Exhibit 4 as well as Union Exhibit 5 are
 9    notices of the hearing.  Union Exhibit 6 is a
10    regular agreement for the Robert Heggeland
11    Company.
12            MR. SAPHIRE-BERNSTEIN:  And the record of
13    the current address.
14            ARBITRATOR PETERSEN:  Yes.  Okay.
15            MR. SAPHIRE-BERNSTEIN:  Let the record
16    reflect that this is the arbitration hearing held
17    pursuant to the Commercial Area Agreement between
18    the Chicago Regional Council of Carpenters and
19    Robert A. Heggeland Designs pursuant to the terms
20    of the Commercial Area Agreement to which
21    Mr. Heggeland and the carpenters are signatory and
22    which is Exhibit 1 before Arbitrator Donald
23    Petersen pursuant to the terms of the Commercial
24    Area Agreement and the notices that will be in
```

1  evidence.

2          Just a word of opening to say that

3  this is the hearing concerning a violation of

4  Revision Article 20.13 of the Commercial Area

5  Agreement having to do with providing proper

6  notice to the union of work locations.

7          ARBITRATOR PETERSEN:  Okay.

8          MR. SAPHIRE-BERNSTEIN:  If everyone is

9  ready, I'll start with my first witness.

10          ARBITRATOR PETERSEN:  Okay, very good.

11          (Witness sworn.)

12  WHEREUPON:

13          PETER A. DiRAFFAELE

14  called as a witness herein on behalf of the

15  Chicago Regional Council of Carpenters, having

16  been first duly sworn, was examined and testified

17  as follows:

18          DIRECT EXAMINATION

19          by Mr. Saphire-Bernstein:

20      Q.  Would you please state your name for the

21  record?

22      A.  Peter DiRaffaele.

23      Q.  What is your position with the union?

24      A.  I am the business representative for the

1    Chicago Regional Council of Carpenters.

2        Q.    And the Chicago Regional Council of

3    Carpenters, that's a group affiliation of many

4    local unions?

5        A.    That's right.  We're comprised of 81

6    counties and 42 locals.

7        Q.    The Regional Council is the signatory on

8    the Commercial Area Agreement?

9        A.    That's correct.

10        Q.    On behalf of all the locals?

11        A.    Yes.

12        Q.    What are your main job duties with the

13    Regional Council?

14        A.    Negotiate agreements, assist in

15    organizing representatives, send out notices to

16    contractors pursuant to the collective bargaining

17    agreements regarding articles that are -- need to

18    be addressed.

19        Q.    How long have you been in that position?

20        A.    Jeez, since 1995.  So that would be 13

21    years.

22        Q.    What is your job title?

23        A.    Regional Council representative, business

24    representative, Chicago Regional Council of

1    Carpenters.

2        Q.    In the course of your duties, did you

3    become familiar with a business known as Robert

4    Heggeland Designs?

5        A.    Yes, I did.

6        Q.    Do you recall when you first became aware

7    of them?

8        A.    Well, it was sometime prior to the

9    communication that was sent out.  I was notified

10    by the representatives that jobs were not being

11    reported on.

12        Q.    This was sometime in 2007?

13        A.    Yes.

14        Q.    And I'm sorry, you were being -- you were

15    informed what happened, what was happening?

16        A.    I was informed that, by some of our

17    business representatives that their jobs were not

18    being reported.

19        Q.    In other words, the locations?

20        A.    Yeah, the locations, which generated a

21    letter to go out to the contractor to ask for

22    identification of any projects that he had going

23    in the area; and that was on June 26 of 2007.

24        Q.    That's our Exhibit No. 2?

1        A.    Yes, Exhibit No. 2.   We did not get any

2    response from the contractor which prompted us to

3    generate the second letter on July 28 of 2007,

4    which is Exhibit 3.

5        Q.    Looking at those two letters, in both of

6    them you seem to request the same information from

7    Mr. Heggeland; is that correct?

8        A.    That's correct.

9        Q.    And the information you requested, what's

10    the source of your request for that information,

11    the reason that you asked for those pieces of

12    information?

13        A.    Well, because as part of our collective

14    bargaining agreement, under Article 20.13 that the

15    contractors notify us as to any jobs that they are

16    anticipating working on.

17        Q.    So that's Exhibit 1, is that correct, the

18    collective bargaining agreement on page 29?

19        A.    Yes, Article 20.13 states that.

20        Q.    Calling your attention to what we've

21    marked as Exhibit 6, this is the computer record

22    maintained by the Chicago Regional Council; is

23    that correct?

24        A.    Yes, that's correct.   This is a computer

1    record that states the contractor's employment

2    number, employer number, his name and his current

3    address as we know it.

4         Q.    So that record identifies that he has --

5    he's a signatory pursuant to his agreement of the

6    Commercial Area Agreement; is that correct?

7         A.    Yes, that's correct.

8         Q.    Did you ever get any response from either

9    of the first or second letter?

10        A.    No, no response to this date.

11        Q.    No one contacted you?

12        A.    No.

13        Q.    And no one ever provided any of the

14   information requested?

15        A.    No information was provided.

16        Q.    Did you attempt to do any other follow-up

17   by telephone or otherwise?

18        A.    No.

19        Q.    So after those two letters had been

20   delivered and you had no response, what did you do

21   next?

22        A.    Filed for arbitration.

23        Q.    And that is the next exhibit, Exhibit 4?

24        A.    Exhibit 4 on November 16 of 2007, I

1   requested arbitration sending a letter to

2   Arbitrator Donald Petersen.

3       Q.   Was a copy of that letter sent to

4   Mr. Heggeland?

5       A.   A copy of this was sent to Mr. Heggeland

6   along with a copy to Amy Epton from Whitfield

7   McGann.

8       Q.   Did you ever receive any response to that

9   letter?

10      A.   No, not from Mr. Heggeland.

11          MR. SAPHIRE-BERNSTEIN:  The following

12  exhibit -- Amy is not here, but on behalf of the

13  firm I can state that we did send notice of

14  this -- the date chosen for this hearing to

15  Mr. Heggeland, which is Exhibit 5.

16  BY MR. SAPHIRE-BERNSTEIN:

17      Q.   So it's your testimony that as of this

18  time and since at least early in 2007, Heggeland

19  has failed to provide names of the projects,

20  locations of the projects, the general contractor,

21  the architect, type of work and dates of plans to

22  do the work; is that correct?

23      A.   That is correct.

24          MR. SAPHIRE-BERNSTEIN:  Unless the

LAURA  L. KOOY REPORTING, LTD.  (312) 782-5669

```
 1    arbitrator has any questions, I think we've
 2    established a violation of the provision; and we
 3    would ask for whatever awards -- for whatever
 4    sanctions can be awarded under the agreement
 5    including an award of attorney's fees which we
 6    will submit to the arbitrator and, if possible, a
 7    penalty for future violations along with a finding
 8    that there is -- that Heggeland is in violation of
 9    the provision and a direction that he should
10    comply with the agreement.
11             ARBITRATOR PETERSEN:  Let the record
12    also show that the arbitrator sent a letter to
13    Ms. Epton on December 29 of 2007 with a copy of
14    that letter directed to Robert A. Heggeland via
15    U.S. mail indicating various dates including the
16    date that we are holding the hearing today.  Let
17    the record further show that the arbitrator
18    received no response from Mr. Heggeland or any of
19    his associates.
20             I'd also sent a prior letter dated
21    December 8, 2007, this time to Guy Prihar,
22    P-r-i-h-a-r, from this firm and also with a copy
23    to Mr. Heggeland offering other possible hearing
24    dates.  Again, no response was received by
```

1     Mr. Heggeland.  I just wanted to add that to the

2     record.

3              MR. SAPHIRE-BERNSTEIN:  Thank you.  Are

4     there any questions that the arbitrator has or

5     issues you'd like to question?

6              ARBITRATOR PETERSEN:  No, I think

7     everything is very clear.  I'll get my award back

8     to you just as soon as I can.

9              MR. SAPHIRE-BERNSTEIN:  Thank you.  We'll

10    provide you with the attorney's fees pursuant to

11    the agreement.

12             ARBITRATOR PETERSEN:  Thank you very

13    much.

14             MR. SAPHIRE-BERNSTEIN:  That concludes

15    the arbitration.

16                  (Whereupon which were all the

17                   proceedings had at this time.)

18                  (10:15 a.m.)

19

20

21

22

23

24

1    STATE OF ILLINOIS    )

2                                   ) SS.

3    COUNTY OF C O O K    )

4

5         I, SUSAN M. REED, a Certified Shorthand

6    Reporter of the State of Illinois, do hereby

7    certify that I reported in shorthand the

8    proceedings had at the hearing aforesaid and that

9    the foregoing is a true, complete, and correct

10   transcript of the proceedings of said hearing as

11   appears from my stenographic notes so taken and

12   transcribed by me.

13

14

15   _____
     SUSAN M. REED, CSR, RPR
16   CSR License No. 084-003114

17

18

19

20

21

22

23

24

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TRUSTEES OF THE CHICAGO REGIONAL )
COUNCIL OF CARPENTERS, )
)
Plaintiffs, )
)
vs. )
) CIVIL ACTION
)
ROBERT A. HEGGELAND DESIGNS, LTD. )
 an Illinois Corporation, )
)
)
Defendant. )

# EXHIBIT 4



# UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA
# CHICAGO REGIONAL COUNCIL OF CARPENTERS

County
Jurisdiction

Illinois
Boone
Bureau
Carroll
Cook
DeKalb
DuPage
Grundy
Henderson
Henry
Iroquois
Jo Daviess
Kane
Kankakee
Kendall
La Salle
Lake
Lee
Marshall
McHenry
Mercer
Ogle
Putnam
Rock Island
Stark
Stephenson
Whiteside
Will
Winnebago

Wisconsin
Kenosha
Milwaukee
Ozaukee
Racine
Washington
Waukesha

Iowa
Adair
Allamakee
Appanoose
Benton
Black Hawk
Bremer
Buchanan
Butler
Cedar
Cerro Gordo
Chickasaw
Clayton
Clinton
Davis
Delaware
Des Moines
Dubuque
Fayette
Floyd
Franklin
Grundy
Hancock
Henry
Howard
Iowa
Jackson
Jefferson
Johnson
Jones
Keokuk
Kossuth
Lee
Linn
Louisa
Mahaska
Mitchell
Monroe
Muscatine
Scott
Tama
Van Buren
Wapello
Washington
Wayne
Winnebago
Winneshiek
Worth
Wright

July 28, 2007

Robert A. Heggeland Designs                              (2nd Request)
PO Box 1192
Wheaton, IL 60189

Dear Sir or Madam:

This letter serves as the Chicago Regional Council of Carpenters' formal notice that Robert A. Heggeland Designs is in violation of Article 20.13 of our Area Agreement. Your company has yet to respond to a communication that was sent on June 26, 2007 in regards to Article 20.13.

The following is what was requested from Robert A. Heggeland Designs:

- Name of Projects and Locations
- General Contractor
- Architect (if known)
- Type of work being preformed along with dates you will be performing this work on your current and future job sites.

If your company does not provide the requested information within 3 days, the Regional Council will proceed to arbitration. In addition, the arbitrator has the authority to award the Regional Council all of its reasonable attorney fees and costs incurred in handling this matter.

We trust that Robert A. Heggeland Designs wishes to resolve this matter without incurring additional costs.

Respectfully,

*Peter DiRaffaele*

Peter DiRaffaele
Regional Council
Business Representative

cc: Rich Albrecht-Local Union #1027





IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE CHICAGO REGIONAL COUNCIL OF CARPENTERS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | CIVIL ACTION |
| | ) ) | |
| ROBERT A. HEGGELAND DESIGNS, LTD. an Illinois Corporation, | ) ) ) | |
| Defendant. | ) ) ) | |

# EXHIBIT 5

# CHICAGO REGIONAL COUNCIL OF CARPENTERS

County
Jurisdiction

Illinois
Boone
Bureau
Carroll
Cook
DeKalb
DuPage
Grundy
Henderson
Henry
Iroquois
Jo Daviess
Kane
Kankakee
Kendall
La Salle
Lake
Lee
Marshall
McHenry
Mercer
Ogle
Putnam
Rock Island
Stark
Stephenson
Whiteside
Will
Winnebago

Wisconsin
Kenosha
Milwaukee
Ozaukee
Racine
Washington
Waukesha

Iowa
Adair
Allamakee
Appanoose
Benton
Black Hawk
Bremer
Buchanan
Butler
Cedar
Cerro Gordo
Chickasaw
Clayton
Clinton
Davis
Delaware
Des Moines
Dubuque
Fayette
Floyd
Franklin
Grundy
Hancock
Henry
Howard
Iowa
Jackson
Jefferson
Johnson
Jones
Keokuk
Kossuth
Lee
Linn
Louisa
Mahaska
Mitchell
Monroe
Muscatine
Scott
Tama
Van Buren
Wapello
Washington
Wayne
Winnebago
Winneshiek
Worth
Wright

November 16, 2007

ГД99277БО44U5Ꞁ

Donald Petersen
820 N. Michigan Avenue
Chicago, IL 60611
Fax: 505/771-9288

Re:     **Arbitration Referral**

Dear Donald Petersen:

The Chicago Regional Council of Carpenters desires to arbitrate the violation of Article 20.13 of our Area Agreement by Robert A. Heggeland Designs.

Please advise the Regional Council's attorney, Amy Elizabeth Paluch Epton of Whitfield, McGann & Ketterman 111 East Wacker Drive, Suite #2600, Chicago, IL 60602, of your earliest availability for this arbitration.


Peter A. DiRaffaele
Regional Council
Business Representative



cc:     Amy Elizabeth Paluch Epton-Whitfield, McGann & Ketterman

Robert A. Heggeland Designs
PO Box 1192
Wheaton, IL 60189
(P) 630/668-7491 (No Fax)
President: Robert A. Heggeland



EXHIBIT

*   *   * COMMUNICATION RESULT REPORT ( NOV. 16. 2007   9:59AM )  *   *   *

FAX HEADER:  CRCC EXECUTIVE

TRANSMITTED/STORED : NOV. 16. 2007   9:57AM
FILE MODE              OPTION                    ADDRESS                          RESULT        PAGE
--------------------------------------------------------------------------------------------
121   MEMORY TX                                  WHITFIELD & MCGANN              OK          1/1
                                                 915057719288                   OK          1/1

-------------------------------------------------------------------------------------------
REASON FOR ERROR
E-1) HANG UP OR LINE FAIL                              E-2) BUSY
E-3) NO ANSWER                                         E-4) NO FACSIMILE CONNECTION



UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA

# CHICAGO REGIONAL COUNCIL OF CARPENTERS

**County Jurisdiction**

Illinois
Boone
Bureau
Carroll
Cook
DeKalb
DuPage
Grundy
Henderson
Henry
Iroquois
Jo Daviess
Kane
Kankakee
Kendall
La Salle
Lake
Lee
Marshall
McHenry
Mercer
Ogle
Putnam
Rock Island
Stark
Stephenson
Whiteside
Will
Winnebago

Wisconsin
Kenosha
Milwaukee
Ozaukee
Racine
Washington
Waukesha

Iowa
Adair
Allamakee
Appanoose
Audubon
Black Hawk
Bremer
Buchanan
Butler
Cedar
Cerro Gordo
Chickasaw
Clayton
Clinton
Davis
Delaware
Des Moines
Dubuque
Fayette
Floyd
Franklin
Grundy
Hancock
Henry
Howard
Iowa
Jackson
Jefferson
Jones
Keokuk
Kossuth
Lee
Linn
Louisa
Mahaska
Mitchell
Monroe
Muscatine
Scott
Tama
Van Buren
Wapello
Washington
Wayne
Winnebago
Winneshiek
Worth
Wright

November 16, 2007

Donald Petersen
820 N. Michigan Avenue
Chicago, IL 60611
Fax: 505/771-9288

Re:    Arbitration Referral

Dear Donald Petersen:

The Chicago Regional Council of Carpenters desires to arbitrate the violation of Article 20.13 of our Area Agreement by Robert A. Heggeland Designs.

Please advise the Regional Council's attorney, Amy Elizabeth Paluch Epton of Whitfield, McGann & Ketterman 111 East Wacker Drive, Suite #2600, Chicago, IL 60602, of your earliest availability for this arbitration.

Peter A. DiRaffaele
Regional Council
Business Representative

cc:    Amy Elizabeth Paluch Epton-Whitfield, McGann & Ketterman

Robert A. Heggeland Designs
PO Box 1192
Wheaton, IL 60189
(P) 630/668-7491 (No Fax)
President: Robert A. Heggeland

12 East Erie Street, Chicago, Illinois 60611-2796
Phone: 312-787-3076 • Fax: 312-951-1540 • www.carpentersunion.org
Martin C. Umlauf, President/Executive Secretary-Treasurer • Jeffrey Isaacson, First Vice President

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TRUSTEES OF THE CHICAGO REGIONAL          )
COUNCIL OF CARPENTERS,                    )
                                          )
Plaintiffs,                               )
                                          )
vs.                                       )
                                          )          CIVIL ACTION
                                          )
ROBERT A. HEGGELAND DESIGNS, LTD.         )
 an Illinois Corporation,                 )
                                          )
                                          )
Defendant.                                )

# EXHIBIT  6

1

```
--------------------------------------------------------
```

In the Matter of the Arbitration between

**Robert A. Heggeland Designs, Wheaton, Illinois**

And

**Chicago Regional Council of Carpenters**

```
--------------------------------------------------------
```

Violation of Article 20.13
of the Area Agreement
Grievance

**Opinion
and
Award**

The hearing in this case was held on March 12, 2008, at 10:00 a.m., at the law offices of Whitfield, McGann & Ketterman, Chicago, Illinois, before Donald J. Petersen, serving as sole arbitrator. Presentation for the Union was made by Leonard Saphire-Bernstein, attorney, Whitfield, McGann and Ketterman. The Company was not represented despite numerous attempts by both the Union and the undersigned to notify it of the date, time, and location for the hearing.

Several exhibits were tendered by the Union and accepted into evidence by the arbitrator. A full transcript of the hearing was taken. The sole witness called by the Union was Mr. Peter DiRaffaele.

**The Issue:**

The arbitrator finds the issue to be: "Did the Employer, Robert A. Heggeland Designs, violate Article 20.13 of the Commercial Area Agreement, and if so, what should be the remedies?"

**Relevant Contract Provisions:**

Article 18.4 [in part only]. "The PAB [Permanent Arbitration Board] shall consist of the following five Arbitrators mutually agreed upon between the Union and the Employer Association:

Steven Briggs
Neil Gunderman
Lisa Salkovitz-Kohn
Robert McAllister
Donald Peterson [sic].

Article 18.6. "In the event that a party refuses to arbitrate or fails to comply with the decision of the Arbitrator, the other party has the right to avail itself of any lawful means

necessary to compel compliance, including but not limited to, judicial intervention, work stoppage by withdrawing bargaining unit Employees from the Employer who violates this article, and strike activities."

Article 18.7. "In any arbitration hearing brought pursuant to this Article, the Arbitrator shall have the authority to award the prevailing party its reasonable attorney fees and costs incurred in the action."

Article 20.13. "Before Employer commences work on any job, he must first give the Union reasonable advance notice of that fact, unless the Steward is on the job. The notice can be given by mail or telephone and must include the location of the work."

**Background:**

The Chicago Regional Council of Carpenters ["Union" hereinafter] is a group affiliation of 43 locals in over 81 counties (Tr. 6). It is the signatory to the Commercial Area Agreement (Union Ex. 1) with a variety of employers utilizing union carpenter employees. One such employer is Robert A. Heggeland Designs of Wheaton, Illinois (Union Ex. 6; Tr. 9). As a signatory to the Area Agreement, Heggeland is, of course, committed to abide with the terms of the contract.

Article 20.13 of the Area Agreement reads as follows:

> "Before Employer commences work on any job, he must first give the Union reasonable advance notice of that fact, unless the Steward is on the job. The notice can be given by mail or telephone and must include the location of the work."

Sometime in 2007, Peter DiRaffaele, business representative of the Union, was informed by business agents in the field, that Robert A. Heggeland Designs were not reporting their work projects. Accordingly, Mr. DiRaffaele mailed a letter dated June 26, 2007, to Robert A. Heggeland Designs, requesting that it identify its projects and locations, general contractors, architects, and type of work performed along with the dates that the work would be on-going (Union Ex. 2). No response to this letter was made by Heggeland (Tr. 8).

A second request for the same information contained in the June 26th letter was made on July 28, 2007 (Union Ex. 3). Again, there was no reply made to this letter and no one from Heggeland has ever provided the requested information (Tr. 9).

On November 16, 2007, the Union filed for arbitration and the undersigned was designated from a panel contained in the Area Agreement as arbitrator (Union Ex. 4). A copy of this letter was sent to Mr. Heggeland, but he never replied (Tr. 10).

No resolution of this dispute proved possible and it was taken to arbitration. As noted

3

previously, the hearing was conducted *ex parte*.

**Opinion:**
The record, as summarized above, forcefully documents that Robert A. Heggeland Designs was in violation of Article 20.13 of the parties' Commercial Area Agreement. At no time did Heggeland respond to the Union's legitimate request for information regarding its work projects and locations. Moreover, it failed to even inquire when the Union demanded arbitration.

Heggeland's actions must therefore be adjudged to be willful. Thus, a harsher remedy is indicated in this matter beyond a simple direction by the undersigned to obey the language of Article 20.13.

**Award:**

Robert A. Heggeland Designs is directed to obey all provisions of the Area Agreement including Article 20.13. It must provide all information regarding work projects, type of work performed and estimated duration of the work. Failure to do so will result in a $100 per calendar day fine for each day it fails to provide information regarding work projects pursuant to Article 20.13, as soon as it is aware or should be aware of the existence of such projects.

Moreover, pursuant to Article 18.7 of the Area Agreement the arbitrator awards attorney's fees in the amount of $5,420.75 to the Union's attorneys as the prevailing party.

Heggeland is also directed to pay both its and the Union's share of the arbitrator's fees and expenses in the amount of $2,742.94.

Chicago, Illinois
April 16, 2008

Donald J. Petersen
Arbitrator

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TRUSTEES OF THE CHICAGO REGIONAL )
COUNCIL OF CARPENTERS,            )
                                  )
Plaintiffs,                       )
                                  )
vs.                               )
                                  )          CIVIL ACTION
                                  )
ROBERT A. HEGGELAND DESIGNS, LTD. )
 an Illinois Corporation,         )
                                  )
                                  )
Defendant.                        )

# EXHIBIT 7

# WHITFIELD, McGANN & KETTERMAN

Attorneys at Law

Collins P. Whitfield*
Terrance B. McGann
Travis J. Ketterman
––––––
Amy E. Paluch Epton
Gregory N. Freerksen
Karl E. Masters
Daniel P. McAnally
Guy Z. Prihar, Ph.D.
Karen M. Rioux
Raymond J. Sanguinetti
Leonard D. Saphire-Bernstein

*Also Licensed in Wisconsin
**Also Licensed in Pennsylvania
   New Jersey

Of Counsel
Goldberg, Weisman & Cairo
Dianne M. Onichimowski**
Kenneth J. Cortesi
Mark A. Spadoro

SUITE 2600
111 EAST WACKER DRIVE
CHICAGO, ILLINOIS 60601
TELEPHONE (312) 251-9700
FACSIMILE (312) 251-9701

445

May 23, 2008

Robert A. Heggeland
Robert A. Heggeland Designs, Ltd.
25909 W. Kelly Ct.
Plainfield, IL 60585

**Re:**  *Chicago Regional Council of Carpenters Trust Funds vs. Robert A. Heggeland Designs, Ltd.*

Dear Mr. Heggeland,

Attached please find a copy of the arbitration order entered against Robert A. Heggeland Designs, Ltd. after the recent arbitration. We are serving this on you in your capacity as president of that organization.

We intend to file suit shortly to enforce the judgment. If your organization wishes to comply with the judgment without compelling this step, please contact us. As you may know, all attorneys fees my client has incurred, and will incur, will be recovered from your corporation in this process.

Sincerely,

Leonard Saphire-Bernstein

LSB:  adi
bcc:  James Rosemeyer